IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


CHARLENE M. GATES,                          :

     Plaintiff,          :  Case No. 3:12cv220

  vs.                                 :  JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,   :

     Defendant.          :


---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY;
PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #15)
OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT
COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT
ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT;
TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On June 18, 2013, the United States Magistrate Judge filed a Report and Recommendations

(Doc. #14), recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act be affirmed.  Based upon reasoning

and citations of authority set forth in the Magistrate Judge's Report and Recommendations

(Doc. #14), as well as upon a thorough de novo review of this Court's file, including the

Administrative Transcript (Doc. #6), and the decision of the Administrative Law Judge, Tr. 16-31,

as well as upon a thorough review of the applicable law, this Court adopts the aforesaid Report and

Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #15) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is affirmed.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker,

739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     Under the provisions of Social Security Acquiescence Ruling 98-4(6), absent new and material evidence documenting a significant change in the claimant's condition, the Residual Functional Capacity established in a prior hearing decision by an Administrative Law Judge is binding on a subsequent adjudicator. In this matter, the Administrative Law Judge found, Tr. at 26, that "[t]he prior adjudicator determined that the claimant would be able to perform work at the light level of exertion. There is no evidence of a significant change in the claimant's [physical] condition that would support a change in the exertional level. However, there is new and material evidence regarding mental impairments, which supports the imposition of additional work-related restrictions." The comment upon no significant change in the claimant's physical condition is supported by substantial evidence; the new and material evidence regarding mental impairments did, indeed, lead to the imposition of additional work-related restrictions in the Administrative Law Judge's determination of the Plaintiff's Residual Functional Capacity.

2.     Even given the fact that Plaintiff's treating therapist, Mr. Barnes, was a psychology intern and, as such, was not an acceptable medical source, the Administrative Law Judge, in this Court's opinion, carefully weighed and analyzed the opinion of said psychological intern. In coming to the conclusion that the opinion of Mr. Barnes was not entitled to any special weight under the facts and circumstances of this particular case and rejecting such as providing a basis for Plaintiff's Residual Functional Capacity, the Administrative Law Judge noted that Mr. Barnes's opinion is not supported by his treatment notes. Tr. At 27. True, the statement is conclusory, but the reason given for the conclusion, that Mr. Barnes's opinion was not supported by his treatment

-4-

notes, is sufficiently specific for this Court, as did the Magistrate Judge, to review those office notes in their entirety.  Said treatment notes are thoroughly analyzed by the Magistrate Judge (Doc. #14 at 24-25) and, having reviewed same (the same office notes upon which the Administrative Law Judge referenced to support his conclusion), this Court cannot conclude that the Administrative Law Judge's conclusion, as to Mr. Barnes's opinion,  was not supported by substantial evidence.  It is axiomatic that the administrative record must be reviewed as a whole, and not piecemeal.  Reviewing the record in its entirety clearly supported the Administrative Law Judge's rejection of the opinion of psychology intern Barnes.

      3.      Plaintiff is correct that the Administrative Law Judge, while clearly setting forth the findings and conclusions of the state agency psychologist, Dr. Deitz, and the state agency physician, Dr. Caldwell, failed to analyze and weigh said opinions in the light of the prevailing Rules and Regulations of the Social Security Administration. While the Administrative Law Judge's failure to do so is certainly a defect in her decision of non-disability, this Court concludes, for the reasons stated by the Magistrate Judge, that said deficiency constituted, at most, harmless error.  Magistrate Judge Report and Recommendations (Doc. #14 at 25-26).

      WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was supported by substantial evidence.  Plaintiff's Objections to said judicial filing (Doc. #15) are overruled.  Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the

decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


September 27, 2013

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record

-6-